IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ELLA ALSTON** | * |
| Plaintiff, | * |
| v. | * Civil No. L-10-3446 |
| **MICHAEL J. ASTRUE,** *Commissioner of Social Security* | * |
| Defendant | * |
| ************* | |

## MEMORANDUM

This case asks the Court to determine the continued viability of the Plaintiff's employment discrimination claims.  Now pending is the Social Security Administration's ("SSA's") Motion to Dismiss or, in the Alternative, for Summary Judgment. [1]  Docket No. 15.  Upon review of the papers, the Court finds oral hearing unnecessary.  See Local Rule 105.6 (D. Md. 2011).

This case demonstrates yet again the procedural complexity and inefficiency of the administrative process for resolving the employment discrimination claims of government workers.  Plaintiff Ella Alston filed her original charge some 14 years ago.  Since then, her claims have languished in a Daedalean labyrinth of unreadably dense administrative regulations, boilerplate recitations, and jurisdictional directives.  Alston's case has been taken up, at various points, by the Social Security Administration's Equal Employment Opportunity ("EEO") office,

---

[1]  The SSA correctly points out that it is not, technically speaking, the proper Defendant in this case.  When suing a government agency for a violation of Title VII or the Rehabilitation Act, the head of the agency is the appropriate defendant.  See 42 U.S.C. § 2000e-16(c); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 511 (4th Cir. 1994).  It is clear, however, that no prejudice has resulted from this deficiency.  The Court will substitute Michael J. Astrue, the current Commissioner of Social Security, as the named Defendant.  The Clerk is directed to AMEND the case caption accordingly.

the Equal Employment Opportunity Commission ("EEOC"), the Merit Systems Protection Board ("MSPB"), the Court of Appeals for the Federal Circuit, an Administrative Law Judge, and now this Court.

For the reasons stated herein, the Court will, by separate Order, GRANT the SSA's Motion and DISMISS the case with prejudice.

I.  BACKGROUND

Until her retirement in 2007, Plaintiff Ella Alston was employed as a "Benefits Earning Technician" at the SSA's office in Baltimore, Maryland. In August of 1998, Alston first filed a complaint with the SSA's EEO office, alleging that she had been discriminated against on the basis of her sex, race (African American), and disability (migraine headaches). The charge stated that the SSA had discriminated against Alston by: (1) failing to provide her with sufficient mentoring, (2) failing to provide her with a "workable" computer terminal and refusing to let her move her desk, (3) issuing a written reprimand and referring her to the "Employee Assistance Program" for an incident during which she was claimed to have verbally assaulted other employees, and (4) declaring her Absent Without Leave ("AWOL") and on Leave Without Pay ("LWOP") for time that she missed as a result of her migraine headaches. See Def.'s MTD Ex. 1 and 2, Docket Nos. 17-2 and 17-3.

In January of 1999, while investigation of her first complaint was pending, Alston filed a second EEO complaint. Alston's second complaint alleged continued discrimination and exposure to a hostile work environment, both on the basis of her disability and in reprisal for her prior EEO activity. The second complaint specifically took issue with two negative write-ups that Alston had received, as well as continued and allegedly unreasonable questioning regarding

her inability to arrive at work on time.  See Def.'s MTD Ex. 3, Docket No. 17-4.  Alston requested a hearing before an Administrative Law Judge on both complaints.

Before the hearing could take place, however, Alston was involved in another incident at work.  She had requested and was granted sick leave between April 11 and April 21, 2000.  On April 19th, she returned to the office to pick up some papers and engaged in an altercation with a supervisor.  As a result, Alston was escorted off the property and placed on administrative leave, with pay.  On May 3rd, she received a letter from the SSA directing her to submit medical documentation, within two weeks, detailing whether or not she was capable of returning to work.[2]  She failed to meet this deadline and was placed on LWOP on May 18th.

Alston then informed the Administrative Law Judge that she considered the SSA's action to constitute a constructive suspension, and requested that her case be dismissed so that she could pursue her claims before the MSPB.[3]  The Administrative Law Judge agreed, and dismissed the EEO complaint.  On July 17, 2001, Alston filed her case with the MSPB.

The SSA moved to dismiss the MSPB case on jurisdictional grounds, arguing that Alston herself had initiated the LWOP period by failing to provide the requested medical documentation and that, as such, it had not constructively suspended her.  Because there was no constructive

---

[2] Though the record is not entirely clear on this point, it appears that the SSA's concerns related to Alston's mental health and fitness to work around others.

[3] The MSPB was created in 1978 to oversee the merit system in federal civil service.  It is a quasi-judicial agency with the power to adjudicate federal employee appeals of agency personnel actions.  See generally Sloan v. West, 140 F.3d 1255, 1259–61 (9th Cir. 1998).  The MSPB has jurisdiction to review adverse employment actions that fall into one of five categories: a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of 30 days or less. See 5 U.S.C. § 7512.  It also has pendent jurisdiction over so-called "mixed cases," which involve discrimination claims brought in connection with adverse employment actions. See 29 C.F.R. § 1614.302 (2000).  An employee asserting a mixed case may bypass the EEO office and appeal the agency's action directly to the MSPB. See 5 C.F.R. § 1201.154(a) (1997); 29 C.F.R. § 1614.302(b) (1997).

suspension, it continued, the MSPB was without power to hear the case.[4] Though the MSPB initially rejected this argument, it later reversed itself and agreed that it lacked jurisdiction. See Alston v. Soc. Sec. Admin., 95 M.S.P.R. 252 (MSPB 2003). Alston appealed this decision further, and on May 31, 2005 the Court of Appeals for the Federal Circuit upheld the MSPB's latter ruling. It reiterated that that Alston had not been constructively suspended and that the MSPB lacked jurisdiction over her case. See Alston v. Soc. Sec. Admin.,134 F. App'x 440 (Fed. Cir. 2005).

Thereafter, Alston's two complaints were again brought to the EEOC for a hearing before an Administrative Law Judge. After being rescheduled several times to accommodate the parties' settlement talks, the hearing was finally convened before Judge Shubow on July 10, 2007. Alston, however, failed to appear. After giving her a chance to explain this lapse, Judge Shubow determined that Alston had offered no legitimate reason for her absence and dismissed the matter with prejudice. He further ordered that the SSA issue a Final Agency Decision in accordance with 29 C.F.R. § 1614.110(a).[5] See Order of Dismisal, EEOC Case No. 120-205-00773X (Aug. 3, 2007), Docket No. 17-25.

---

[4] The MSPB does not possess jurisdiction over claims that do not fall into one of the five "adverse action" categories enumerated in 5 U.S.C. § 7512. Sloan, 140 F.3d at 1260. If the MSPB finds that it lacks jurisdiction, it will dismiss the complaint and advise the employee to pursue her discrimination claims by filing a complaint with the agency EEO office. Id. at 1261; see also 29 C.F.R. § 1614.302(b) (1997).

[5] 29 CFR § 1614.110(a) provides:
> Final action by an agency following a decision by an administrative judge. When an administrative judge has issued a decision under § 1614.109(b), (g) or (i), the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision. The final order shall notify the complainant whether or not the agency will fully implement the decision of the administrative judge and shall contain notice of the complainant's right to appeal to the Equal Employment Opportunity Commission, the right to

On September 17, 2007, Alston file an appeal with the EEOC. Three years later, on September 17, 2010, the EEOC issued its ruling. In a four-page order, the EEOC recited the history of the case, ending with Judge Shubow's directive that the SSA issue a final decision. It then concluded: "Upon review of the record, however, we find no evidence that the Agency ever issued a decision on the subject complaints in accordance with 29 C.F.R § 1614.110. Therefore, we shall remand the matter to the agency for issuance of a final decision on the subject complaints." Alston v. Astrue, EEOC Doc. 0120073940, 2010 WL 3726365 at *2 (E.E.O.C. Sept. 17, 2010).

The EEOC ruling also contained the following boilerplate paragraph, informing Alston of her right to sue:

> This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. In the alternative, you may file a civil action after one hundred and eighty (180) calendar days of the date you filed your complaint with the Agency, or filed your appeal with the Commission.

Id.

On December 7, 2010, acting pro se, Alston filed the instant suit. Her Complaint claims violations of Title VII, the Rehabilitation Act, and the Americans with Disabilities Act ("ADA"). The Complaint does not reference any of the specific occurrences that formed the bases of Alston's initial EEOC complaints. It does, however, press Alston's claim regarding the SSA's

---

> file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits. If the final order does not fully implement the decision of the administrative judge, then the agency shall simultaneously file an appeal in accordance with § 1614.403 and append a copy of the appeal to the final order. A copy of EEOC Form 573 shall be attached to the final order.

decision to place her on LWOP status on May 18, 2001. The Complaint also adds a "Failure to Promote" claim, which alleges that Alston was "[s]elected for several interviews but never chosen for neither [*sic*] job. different [*sic*] jobs dated 1996–2007." Compl. 2, Docket No. 1.

The SSA has now filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Docket No. 15. It asserts that Alston should be precluded from maintaining suit for failure to exhaust her administrative remedies. The SSA also argues that, even if the case were allowed to go forward, it would be entitled to judgment as a matter of law.

## II.  LEGAL STANDARDS

### a. Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of her claim. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Where a motion to dismiss under Rule 12(b)(1) presents a factual challenge to the court's jurisdiction, a court need not assume that all facts alleged in the complaint are true. Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) ("In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue . . . ."). Moreover, a court may consider matters outside the pleadings in deciding whether it has jurisdiction. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.

1999) ("When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court . . . may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.") (internal citation omitted).

Pleadings filed by a pro se plaintiff are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam). This means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so; a court may not, however, rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction also does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### b. Summary Judgment

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial). Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987). Hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro, 64 F.3d 962, 967 (4th Cir. 1995).

### III.  ANALYSIS

#### a.  Failure-to-Promote Claims

Alston's failure-to-promote claims may not proceed before this Court because they were not included in her EEO complaints. As the Fourth Circuit has held:

> Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. Id. "An administrative charge of discrimination does not strictly limit a Title VII suit that may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981).

Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 1981). Identical exhaustion standards apply to claims brought under the Rehabilitation Act and the ADA. See, e.g., Snead v. Board of Educ. of Prince George's Cnty., --- F.Supp.2d ----, 2011 WL 3885811 (D. Md. 2011). The failure to exhaust administrative remedies deprives a federal court of subject matter jurisdiction. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300–01 & n. 2 (4th Cir. 2009).

In the Court's review of the extensive history of this case, it has found no mention of a failure-to-promote claim prior to institution of the present suit. Alston does not allege that she has ever raised the issue before, and her opposition to the Motion to Dismiss simply ignores the SSA's arguments on this point. Additionally, a discriminatory failure to promote is not the type of claim that would fall within the "scope of the administrative investigation that can reasonably be expected to follow" Alston's initial charges of discrimination. Chisholm, 665 F.2d at 491. Because Alston has failed to exhaust her administrative remedies, the Court lacks subject matter jurisdiction over her failure-to-promote claims. They must be dismissed.

### b. Original Claims

Alston's remaining claims present a less straightforward question, though the end result is the same.[6] Alston may not now advance these claims because she abandoned the administrative process when she failed to appear at the hearing before Judge Shubow.

Strictly speaking, Alston's case before the EEOC was never concluded. The provisions of 42 U.S.C. § 2000e-5, which allow a complainant to file a civil action after 180 days if the EEOC has not initiated conciliation efforts or filed suit on the complainant's behalf, evince a legislative desire to allow an aggrieved party to pursue satisfaction through the courts when the EEOC fails to resolve the case in a timely manner. There can be no doubt, moreover, that Alston was denied such timely resolution; her claim was filed more than a decade ago and the EEOC has still not issued a final decision.

In this case, however, a final decision from the SSA's EEO office would have been no more than a formality. An order implementing Judge Shubow's decision to dismiss Alston's claims with prejudice for failure to take part in the administrative review process would have divested this Court of jurisdiction to hear those claims because, as stated, exhaustion of administrative remedies is a necessary prerequisite to an action in federal court. Though Alston's case dragged on for three more years through an EEOC appeal, it effectively ended when she abandoned her claims by failing, without sufficient excuse, to appear at the administrative hearing.

---

[6] As stated above, Alston's Complaint does not explicitly make mention of any of the claims originally brought before the EEOC. Nevertheless, because the Court must afford her pro se pleadings a liberal construction, and because the present suit is clearly intended as a continuation of her EEOC actions, the Court construes Alston's Complaint to incorporate by reference all allegations made before the EEOC and the MSBP.

It is true that the SSA was legally empowered to enter a final decision that did not fully implement Judge Shubow's ruling. See note 5, supra. There is, however, no reason to think that it would have done so. Alston may not exploit the EEOC's error and delay to defeat the fact that her charges would have been adjudicated but for her own inaction. Her claims before this Court must, therefore, be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order of even date, GRANT the Defendant's Motion and DISMISS the Complaint with prejudice.

Dated this 28th day of February, 2012.

/s/
Benson Everett Legg
United States District Judge